09-0272-ag
Guerrero v. Holder

BIA
Owens, IJ
A097-916-220
A097-916-219

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

PRESENT:
        JON O. NEWMAN,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
                Circuit Judges.

_____

ROBERTO GUERRERO, NOHORA GUERRERO,

        Petitioners,

        v.                                      09-0272-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*

        Respondent.
_____

FOR PETITIONER:        Glenn L. Formica, New Haven, CT.

_____

        * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General, Civil Division; Stephen J.
                           Flynn, Assistant Director; Karen Y.
                           Stewart, Office of Immigration
                           Litigation, Civil Division, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Roberto and Nohora Guerrero, natives and citizens of Colombia, seek review of a December 22, 2008 order of the BIA affirming the May 7, 2007 decision of Immigration Judge ("IJ") Robert P. Owens denying Petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Guerrero, No. A 097 916 220/219 (B.I.A. Dec. 22, 2008), aff'g No. A 097 916 220/219 (Immig. Ct. Hartford, Conn. May 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d

2

510, 513 (2d Cir. 2009).

Because petitioners do not challenge the agency's pretermission of their asylum applications, we address only their challenge to the agency's denial of their applications for withholding of removal and CAT relief. The BIA affirmed the IJ's denial of petitioners' application for withholding of removal, finding that although they were credible, they had not established the requisite nexus to a protected ground. See 8 U.S.C. §§ 1101(a)(42), 1231(b)(3).

Petitioners concede that their son was not recruited by the Revolutionary Armed Forces of Colombia (the "FARC") for political reasons, but nonetheless assert that the threats and extortion that the FARC directed against them was on account of their anti-FARC political beliefs. However, even assuming that petitioners held a political opinion antithetical to that of the FARC, they were required to demonstrate that the FARC's actions were motivated by that political opinion, instead of continued efforts to forcibly recruit their son. See INS v. Elias-Zacarias, 502 U.S. 478, 479-83 (1992). Given the record here, we are not compelled to find, contrary to the agency, that they made such a showing. See id.; Siewe v. Gonzales, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the

evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 574 (1985))).  Because petitioners failed to demonstrate a nexus to a protected ground, the agency's denial of withholding of removal was not in error.  8 U.S.C. §§ 1101(a)(42), 1231(b)(3).

Petitioners also argue that the agency erred in denying their application for CAT relief, contending that they demonstrated that they would likely be tortured by or with the acquiescence of an individual with governmental authority.  <u>See</u> U.N. Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, art. 1, ¶ 1, opened for signature Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85.  That argument lacks merit because petitioners testified that they never informed the government of any of the FARC's actions. Having failed to seek the assistance of the government, petitioners could not show that the government would acquiesce in any future torture.  <u>See</u> 8 C.F.R. § 1208.18(a)(7) (stating that "[a]cquiesence of a public official requires that the public official, <u>prior to the activity constituting torture</u>, have awareness of such activity and thereafter breach his or her legal

4

responsibility to intervene to prevent such activity" (emphasis added)); see also Khouzam v. Ashcroft, 361 F.3d 161, 171 (2d Cir. 2004). Thus, the agency did not err in rejecting petitioners' CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5